UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANTE WATTS,<br><br>            Plaintiff,<br><br>    v.<br><br>DAVID EPPS,<br><br>            Defendant. | Case No. 24-cv-03913-JSC<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff, an inmate in the Santa Clara County Jail who is proceeding without an attorney, filed this civil rights action under 42 U.S.C. § 1983 against the public defender representing him in his criminal proceedings, David Epps of the Santa Clara County Public Defender's Office, and Lieutenant Marquard of the San Jose Police Department. Leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the complaint is DISMISSED with leave to amend.

## BACKGROUND

Plaintiff claims on April 5, 2024, "my constitutional rights were being violated by David Epps, Public Defender of law." (ECF No. 1 at 4.) He alleges there was a "fal[se] p.d. report" and a "technicality" in his criminal case. (*Id.* at 2.) He further alleges Epps failed to file a motion for "dismissal of [his] charges" under California Penal Code Sections 995 (authorizing dismissal of an indictment) and 1385 (authorizing dismissal of charges "in the interests of justice") due to Plaintiff's "constitutional right[s] being violated." (*Id.* at 3.) Plaintiff alleges Defendant Lieutenant Marquard "li[ed] under perjury of fasleing [sic] charges and statement saying he read me my Miranda rights. He never did." (*Id.* at 4.)

Plaintiff seeks to have the Court order the Federal Bureau of Investigation ("F.B.I.") to

investigate "some of [the] people of [the] Public Defender Office of Santa Clara County Court and D.A. office" for providing information about his case to "staff" at the jail. (*Id.* at 4.) Plaintiff also alleges he is on parole, has "a right to a parole hearing within 45 workin[g] day[s],"[1] and he asks for "Form 1073 of the Board of Parole." (*Id.* at 3.)

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify claims that are capable of being judicially heard and decided or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by parties unrepresented by an attorney must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 555.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

---

[1] Within 45 days of which date is not clear from Plaintiff's allegations.

**LEGAL CLAIMS**

The relief Plaintiff seeks — an investigation by the F.B.I. and a parole form — cannot be obtained by filing a civil rights lawsuit in federal court. The Court does not determine what investigations the F.B.I. will conduct; Plaintiff may contact the F.B.I. directly with any requests for an investigation. The Court also does not provide California parole forms; Plaintiff may contact the California Board of Parole Hearings to request parole forms. Accordingly, Plaintiff does not state a claim that is capable of judicial determination and review.

Plaintiff will be given leave to file an amended complaint in which he identifies what other form of relief he seeks, if any. If he files an amended complaint, he must also allege the status of his criminal proceedings — in particular whether he has been convicted, whether such proceedings are still ongoing in the superior court, whether the charges have been dismissed, and whether he is still in custody — these facts are necessary to determine whether his allegations regarding Epps's representation and Marquard's lie about *Miranda*[2] warnings state a claim that is capable of judicial review and determination in a civil rights action. *See generally Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus. An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983."); *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) (providing that "to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus"); *Younger v. Harris*, 401 U.S. 37, 43-54 (1971) (holding that under principles of comity and federalism, a federal court should not

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966),

interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances).

## CONCLUSION

For the above reasons,

1. The complaint is DISMISSED with leave to amend.

2. Plaintiff may file an amended complaint on or before October 7, 2024. The amended complaint must include the caption and civil case number used in this order (No. C 24-3931 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference; he must include in his amended complaint all the claims he wishes to pursue. <u>If Plaintiff fails to file an amended complaint within the designated time, or if the amendment is not sufficient, this case may be dismissed.</u>

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: September 4, 2024

JACQUELINE SCOTT CORLEY
United States District Judge